**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Lane Frank, | ) | No. CV 10-0381-PHX-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Certain Underwriters at Lloyds London Syndicate 4141, | ) | |
| Defendant. | ) | |

Federal courts may exercise removal jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiff. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

**I.    Amount in Controversy**

District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If the amount in controversy is not facially evident from the complaint, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold and may not rely on conclusory allegations. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Defendant Lloyds's Notice of Removal (doc. #1) alleges federal subject matter jurisdiction based on diversity. However, the amount in controversy is not evident from the face of Plaintiff's complaint, and Defendant only makes a conclusory allegation that the amount in controversy exceeds $75,000, stating, "This Court has original jurisdiction over the civil action pursuant to 28 U.S.C. § 1332(a)(2) in that Plaintiff alleges the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs . . . ." Defendant has therefore failed to satisfy its burden of showing that the amount in controversy exceeds the jurisdictional threshold.

## II. Diversity of Citizenship

A corporation is a citizen of its state of incorporation as well as the state of its principal place of business. 28 U.S.C. § 1332(c)(1). The same test is used to determine the citizenship of a foreign corporation. *Nike, Inc. v. Commercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). An unincorporated entity is a citizen of every state or foreign country in which each member of the entity is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). Defendant has failed to name and allege the citizenship of its members, and therefore has not satisfied its burden to plead and prove facts supporting the Court's jurisdiction.

IT IS THEREFORE ORDERED that Defendant show cause by March 29, 2010, why this action should not be remanded to the Superior Court for lack of federal subject matter jurisdiction.

DATED this 25th day of February, 2010.

_____
Neil V. Wake
United States District Judge